IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30087
Summary Calendar
_____

LARRY AUSTIN,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner
of Social Security,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-160
--------------------
December 23, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

    Larry Austin appeals the district court's dismissal of his

complaint challenging the Social Security Commissioner's denial

of Title XVI Supplemental Security Income benefits.  Austin

argues that (1) the ALJ's decision was not supported by

substantial evidence, (2) the ALJ failed to credit Austin's

subjective complaints of pain, and (3) the supplemental evidence

submitted after his hearing compelled a finding of disability.

We find, for substantially the same reasons adopted by the

district court, that the ALJ's findings were supported by

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

substantial evidence of record.  See Austin v. Apfel, 98-CV-160 (W.D. LA. Dec. 23, 1998).

The ALJ did not err in failing to credit Austin's subjective complaints of pain as those complaints were contradicted by medical reports and by Austin's decision to forego pain medications, corrective surgery, and ongoing treatment.  Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991).  Austin's conclusional allegations that his decision to forego treatment was the result of his financial inability to pay are contradicted by the fact that he underwent treatment for other medical problems during the same time period and by the fact that he later underwent corrective surgery for the condition of which he complained without explaining what change in his financial condition or benefit status made such surgery possible.  See Lovelace v. Bowen, 813 F.2d 55 (5th Cir. 1987); S.S.R. 82-59.

The Appeals Council did not err in failing to grant review based upon post-hearing evidence submitted by Austin; the Appeals Council adequately explained why the evidence did not change the ALJ's decision.  See Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980)(error to adopt ALJ's decision without addressing post-hearing evidence).

AFFIRMED.